**422**

## Lysanne AUGER, Plaintiff,

### v.

## The UNITED STATES, Defendant.

### No. 07–775C.

United States Court of Federal Claims.

Feb. 8, 2008.

Lysanne Auger, Micco, FL, pro se.

Leslie Cayer Ohta, Trial Attorney, with whom were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Franklin White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., and Kathleen Hook, Office of the Assistant Legal Adviser for Consular Affairs, U.S. Department of State, Washington, D.C., for Defendant.

### *OPINION and ORDER*

SMITH, Senior Judge.

Defendant filed a motion to dismiss in this case arguing that this Court does not have subject matter jurisdiction. Plaintiff filed a motion for voluntary dismissal conceding that the Court does not have jurisdiction under the Tucker Act to hear her case. Plaintiff further requests this Court to transfer her case to the appropriate district court.

Plaintiff's complaint demands $8,470,000 in damages based upon the delay she experienced in acquiring United States citizenship. *See generally* Compl. The gravamen of Plaintiff's complaint is that various Government officials treated her and her mother negligently, or with deliberate indifference with respect to their citizenship. The Tucker Act explicitly grants this Court the power to adjudicate "any claim against the United States ... in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphasis added). As all of Plaintiff's causes of action in her complaint sound in tort, this Court does not possess jurisdiction to entertain this action.

The Federal Tort Claims Act (FTCA) gives district courts exclusive jurisdiction over civil actions against the United States based on injury to a person or property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). While the United States district courts possess exclusive jurisdiction under this act, a jurisdictional prerequisite to suit is the filing of an administrative claim with the appropriate agency. *See* 28 U.S.C. § 1346(b). Plaintiff does not offer any evidence of submitting such a claim. Therefore, this Court must deny Plaintiff's request for transfer. Moreover, Plaintiff's complaint alleges actions between 1948 and 2004. Under the federal Tort Claims Act the claims are barred by the two-year statute of limitations set forth in 28 U.S.C. § 2401(b).

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss **WITHOUT PREJUDICE.** Plaintiff's Motion to Voluntarily Dismiss the Matter and Request for Transfer is **DENIED.** The Clerk is directed to enter judgment accordingly.

**It is so ORDERED.**